# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2500

_____

| | | |
|---|---|---|
| | * | |
| Harper Enterprises, Inc., | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Aprilia World Service USA, Inc., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: March 14, 2008
Filed: March 21, 2008

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Aprilia World Service USA, Inc. ("Aprilia") appeals the judgment of the district court[1] granting the motion of Harper Enterprises, Inc. ("Harper") to enforce a settlement agreement. We affirm.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

The underlying suit in this diversity case was brought against Aprilia by six of its current or former motorcycle dealers, including Harper. The dealers sought to remedy allegedly wrongful acts based upon price discrimination, intentional interference with prospective business advantage, breach of warranty, and coercion. Harper's business includes selling rare and obsolete motorcycle parts, and Harper claimed that Aprilia failed to deliver to Harper certain spare parts in breach of their contract. Aprilia asserted counterclaims of defamation and tortious interference with business relationships, and all plaintiffs except for Harper stipulated to the dismissal of their claims with prejudice.

Harper and Aprilia thereafter engaged in discovery and, ultimately, settlement negotiations. While their earlier settlement negotiations proved unsuccessful, the parties entered into a Mutual Release and Settlement Agreement on April 26, 2007, wherein Aprilia agreed to pay a sum of money and to deliver parts to Harper in consideration for the release of all claims. Specifically, Aprilia agreed to deliver to Harper "the obsolete parts substantially conforming to the parts list agreed to by the parties in the Fall of 2005 and which were packaged by Aprilia at that time for delivery to Harper's (as further evidenced in photographs emailed by Aprilia's counsel to Harper's counsel on April 26, 2007)." The agreement indicated that these pre-packaged parts would be delivered in an "as is" condition with no warranties as to their condition or value. (Appellant's Add. at 9-10.) The parties agreed to keep strictly confidential all specific terms and conditions of the settlement agreement and that Missouri law would govern the stipulation. The parties then filed a Notice of Settlement and Intent to Dismiss with Prejudice in the district court.

Harper refused delivery of the packages upon confirming that their contents did not match or substantially conform to the parts list referenced in the settlement agreement. Many of the items were not even motorcycle parts. After the district court issued a notice of its intent to dismiss the suit based on the parties' representation that the case had been settled, Aprilia sought to void the settlement agreement and Harper

sought to enforce it. Harper filed a motion to enforce the settlement agreement or alternatively, to require Aprilia to pay the actual cost of purchasing the replacement parts that had been agreed upon.

Aprilia filed under seal a motion to void the settlement agreement on the basis of a mutual mistake of fact. Aprilia asserted that the parties had both mistakenly believed that at the time of the failed settlement negotiations in 2005, they had agreed to a list of parts and that Aprilia had packaged those parts for delivery to Harper in the boxes shown in the photograph. Aprilia asserted that in fact, the parts on the 2005 list were never packaged for delivery, and the parts in the boxes shown in the photograph do not correspond to the 2005 list.

The district court denied Aprilia's motions and granted Harper's motion to enforce the settlement agreement, concluding that the agreement was not ambiguous, that no mutual mistake existed, and that if Aprilia is unable to supply parts that substantially conform to those identified on the list agreed to by the parties in the Fall of 2005 and referenced in the settlement agreement, then Aprilia "must pay [Harper] the monetary amount assigned to those parts on the parties' list from the Fall of 2005." (Dist. Ct. Op. at 5; Appellant's Add. at 5.) The district court dismissed the suit with prejudice. On appeal, Aprilia argues that the district court erred in enforcing the agreement when the consideration was based upon a mutual mistake, erred by requiring payment of the full dollar value of the obsolete parts, and erroneously ignored Harper's breach of the agreement's confidentiality provision.

"The district court has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous," and in a diversity case, the settlement agreement is construed according to state law. Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999). In Missouri, interpreting a settlement or release agreement is a question of law, and the agreement is "interpreted according to the same principles that govern the interpretation of any other type of contract." Parks v. MBNA Am.

Bank, 204 S.W.3d 305, 311 (Mo. Ct. App. 2006). Courts must "ascertain the intention of the parties and . . . give effect to that intention." Id. (internal marks omitted). Where the settlement language is unambiguous, courts look only to the terms of the settlement; absent ambiguity, "the court need not resort to construction of the contract, and instead intent is determined from the four corners of the contract." Id. at 312 (internal marks omitted). Additionally, in Missouri, the party attacking a release or settlement "bears the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Cameron v. Norfolk & W. Ry., 891 S.W.2d 495, 499 (Mo. Ct. App. 1994).

The district court properly analyzed the settlement agreement under Missouri law and did not err in concluding that it was valid and enforceable, that its language was not ambiguous, and that no mutual mistake occurred. We reject Aprilia's belated argument, asserted for the first time on appeal, that the district court erred in alternatively assigning a monetary substitution value for any parts, or substantially conforming parts, that it is unable to deliver. Contrary to Aprilia's assertion, Harper first requested this relief in its motion to enforce the settlement agreement and again in its opposition to Aprilia's motion to rescind, yet Aprilia never responded to the argument before the district court. We decline to reach this issue for the first time on appeal. See Aaron v. Target Corp., 357 F.3d 768, 779 (8th Cir. 2004) ("Arguments and issues raised for the first time on appeal are generally not considered, and no good reason has been advanced to depart from that rule." (internal citation omitted)). Also, Aprilia asserts that the district court ignored the fact that Harper breached the confidentiality provision in filing its motion to enforce the settlement agreement. This appeal to principles of equity rings hollow in light of the determination that Aprilia first failed to deliver the obsolete parts as required in the agreement. See Supermarket Merch. & Supply, Inc. v. Marschuetz, 196 S.W.3d 581, 585 (Mo. Ct. App. 2006) (recognizing "the general principle of contract law that a party to a contract cannot claim its benefits where he is the first to violate it" (internal marks omitted)).

We see no error of law, and an extended opinion from this court would have no precedential value.  Accordingly, we affirm the well-reasoned judgment of the district court.  <u>See</u> 8th Cir. R. 47B.

_____